Lee, J.
Waiving the question whether Ptirvis was a trader within the meaning of the thirteenth section of chapter 145 of the Code of Yirginia, and conceding for the purposes of this case, that he was such a trader, the important enquiry occurs whether previous to the levy of the execution upon the goods claimed by the defendants Kent, Paine & Kent, the provisions of the section above referred to had been so complied with as to protect the property against the claims of the creditors of Purvis.
The firm of which that of Kent, Paine & Kent was the continuation, consisted of six persons, Horace L, *259 Kent, George F. Kendall, George M. Atwater, James S. Kent, William G. Paine and Jolm Enders, (the last named being a dormant partner,) and they carried on their busiaess under the partnership name of Kent, Kendall and Atwater. Whilst thus engaged in business, this firm on the 1st of September, 1816, employed Purvis as their agent to conduct a general dry goods business in Lynch-burg, at a stated compensation, and for convenience, the ■business was to be conducted for them by him as the agent of James S. Keut, one of the partners. A written instrument evidencing the agreement was accordingly signed, by Kent, Kendall & Atwater and Purvis, and on the Jthof December, 1818, was acknowledged by Purvis and spread of record in the hustings court of Lynchburg. Immediately .after it was made, a sign was placed over the door of the storehouse with “J. J. Purvis, agent for ■J. S. Kent” inscribed upon it, and an advertisement was inserted in a newspaper printed in Lynchburg in the name of J. S. Kent announcing that he had appointed J. J. .Purvis his agent for the purpose of conducting a general dry goods business in Lynchburg; and the same was continued for six weeks from the 1st of October, 1816. The agreement appears to contemplate the continuance of the agency for three years only, hut after the expiration of that time the business was continued in the same way by the consent of the parties until the change in the old. firm and the formation of the new under the partnership name of Kent, Paine & Kent, in February 1850, and by like consent was continued in the same w'ay until the levy of the plaintiffs’ execution was made. James S. Kent was a partner in both firms .and his name was adopted by the last named firm for the purposes of the Lynchburg agency just as it had been ■by the former firm. Indeed the firm of Kent, Paine >& Kent was hut a continuation with a change of partners, of the old firm of Kent, Kendall & Atwater, and *260 tlie Lynchburg agency was continued without change in any respect except, that James S. Kent represented the partners composing the new firm instead of those of the old.
The fair construction of the acts of those parties is that those constituting the firm of Kent, Kendall & At-water doing a wholesale dry goods business in Richmond, desiring to conduct a retail business in Lynch-burg, adopted the name of one of the partners James S. Kent, as the partnership name for the Lynchburg concern, and in that name established the agency of Purvis, and put up the sign and published the advertisement for the pm-pose of disclosing the name of a principal liable for the payment of the debts that might be incurred, as required by the act of 1839; that after the three years contemplated by the written agreement, they continued by consent to carry on the business in the same way, and after the change in the firm and the formation of the new firm of Kent, Paine & Kent, James S. Kent being a partner of this firm, the business was continued in the same name; and after the new Code took effect, as the provisos of the thirteenth section of chapter 145 had been complied with when the agency was first established, they did not deem it necessary to renew what had been then done.
Row no one can doubt that parties carrying on business in a particular partnership name in one place may do business in other places in a different partnership name. They may have as many different partnership names as they have places of business. The parties doing business under the name of Kent, Kendall & Atwater in Richmond might well carry on busiziess elsewhere under a different partnership name, and they might adopt the name of 03ie of the partners as the partnership name for the Lynchburg concern. Por where partners agree that their business shall be doi3.e in the name of one per *261 son, whether himself interested in the partnership or not, that is the partnership name and the partners are bound by it. Collyer on Part. § 215, nn.
And as those parties might carry on the business in the name of James S. Kent, I can see no reason why they might not establish an agency of which that firm should be the principal, nor why the act of assembly should not be deemed sufficiently complied with if the sign and advertisement were in that name as the principal. It certainly could not be required that the individual names of all the partners should be stated. This would involve very great inconvenience in many cases without any real benefit to any one. Partnerships sometimes consist of a great number of partners, to name all of whom might be very difficult and inconvenient if not impossible ; and in the cases in which there might be dormant partners, no such agency could be established. Nor can any useful purpose be accomplished, becaiise if the name of the firm be given as that of the principal in the agency, all the partners ostensible or dormant are just as much liable and to the same extent as if their names had been particularly specified.
Put whilst the counsel for the plaintiff does not seriously controvert this proposition, he yet urgently insists that the proper firm name was not given, that it should have been Kent, Kendall & Atwater, instead of James S. Kent. The error of this consists, I think, in the failure to distinguish between the two concerns at Richmond and Lynchburg. They were in legal contemplation, separate and distinct. The one was a wholesale and credit business, the other a retail business for cash; they were conducted at different places the one by the principals in person under the name of Kent, Kendall & Atwater, afterwards Kent, Paine & Kent, the other in the name of J. J. Purvis agent for James S. Kent; separate books wrere„kept and a weekly account of daily sales *262 reil<^ere^ by the latter concern to the former.. Being-different concerns, it was therefore proper that the agency should he conducted in the name assumed for the firm aj. Lynchburg, and the sign- and1 advertisement in that were a sufficient compliance with the requirement of r the law.
That after the change in the old firm and the formation of the new firm of Kent, Paine & Kent, or after the new Code took effect, there was no new sign or advertisement, will not defeat the- right of the defendants-to have tlieir property protected against the creditors of Purvis. The new firm was, as is found by the jury, but a continuation of the old firm, and the business at Lynch-burg was continued in the same name and manner as .during the old firm. The partnership name James S. Kent represented the new firm just as it had the old firm, and any new sign or advertisement would have been the same as those which had been put up and published before the act took effect. As long as the sign remained over the door and the advertisement in the paper was-unexplained or not countermanded, James S. Kent remained the partnership name of the firm for which Purvis did business as agent. James S. Kent was tbe ostensible principal of that agency, and the other partners of the Iiichmond house stood in the same relation to the Lynchburg concern as William G. Paine and John Enders did to the concern of Kent, Kendall & Atwater, and Bobert G. Payne to the concern of Kent, Paine & Kent. If Purvis was a bona fide agent and James S. Kent a bona fide principal, the terms of the statute were satisfied. So far as the requirements go, it was wholly immaterial whether James S. Kent was sole principal or whether he had partners trading with him under his name and who would he equally responsible for the debts of the concern.
Upon the fair construction of the statute in question, *263 I think -what was done was sufficient to protect the goods levied on (which the jury have found expressly were the property of Kent, Paine & Kent) from the claims of the creditors of Purvis, and that the Circuit court did not ’ err in so deciding. I am of opinion therefore that the judgment should he affirmed.
The other judges concurred in the opinion of Lee, <L
Judgment affirmed.